FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HECTOR N. DOMINGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CORPORATION OF GONZAGA UNIVERSITY (GONZAGA UNIVERSITY),<br><br>    Defendant. | NO. 2:17-cv-00286-SAB<br><br>**ORDER DISMISSING CASE** |

    On July 17, 2018, the Court became aware that subject matter jurisdiction may not rest in the federal courts and requested briefing as to the parties' respective stances on the existence of diversity jurisdiction. ECF No. 53. The matter has since been fully briefed. For the reasons stated herein, the Court dismisses the above-captioned case for lack of subject matter jurisdiction.

    A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. The Court "may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)). Upon such inquiry, the Court "may demand that the party alleging jurisdiction justify [its] allegations by a

**ORDER DISMISSING CASE ~ 1**

preponderance of the evidence.'" *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

The parties do not dispute that Defendant is a citizen of Washington for jurisdictional purposes and that the amount in controversy is satisfied. The sole issue for the Court's decision is whether Plaintiff has demonstrated by a preponderance of the evidence that he is domiciled in the state of California.

In order to establish citizenship, Plaintiff bears the burden to prove he is a citizen of the United States and domiciled in a state within the United States. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and [intends] to remain there permanently or indefinitely." *Id.* at 749-59 (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). A person's former domicile is not lost until a new one is acquired. *Id.* at 750. "A change in domicile requires a confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Id.* In determining domicile, the Court may consider "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes," among other factors. *Id.*

Plaintiff has not met his burden of demonstrating by a preponderance of the evidence that he is domiciled in California. In his Complaint, Plaintiff identifies Spokane, Washington as his physical address and alleges he is a citizen of the State of California. ECF No. 1. Plaintiff has presented evidence that he came to Washington for the specific purpose of attending law school. ECF No. 57. Upon graduating, he planned to practice law in Washington, California, or both. *Id.* He hadn't decided whether he would return to California or stay in Washington to further his career. *Id.* Plaintiff's own statements do not demonstrate an intent to

**ORDER DISMISSING CASE** + 2

return to California, his former domicile, had he successfully completed law school. Rather, Plaintiff extended his lease after he was expelled from Gonzaga and has held at least three jobs within Washington State after his expulsion. ECF Nos. 55, 57. While Plaintiff's vehicle is registered in California and he is not a registered voter in Washington State, Plaintiff has provided no additional evidence that he intended to return to California upon the completion of law school or at any time thereafter. Indeed, Plaintiff has submitted no evidence tying him to his former domicile, other than vehicle registration, which is insufficient to establish citizenship in the State of California. Accordingly, the Court dismisses this action for lack of subject matter jurisdiction.

Accordingly, **IT IS HEREBY ORDERED:**

1. The above-captioned case is **DISMISSED** for lack of subject matter jurisdiction.

2. Plaintiff's Motion for Summary Judgment, ECF No. 34, is **DENIED as moot**.

3. Defendants' Motion for Summary Judgment Dismissal, ECF No. 37, is **DENIED as moot**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel and pro se Plaintiff, and **close** this file.

**DATED** this 20th day of August 2018.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING CASE** + 3